*Bayard, Ridgely, Vining* [for plaintiff]. *Wilson, D. Hall* [for defendant].

*Wilson.* Calling a man a rogue not actionable; the words laid in declaration not actionable.

*Bayard.* 1 Del.Laws 346, I conceive the words, "you are a rogue," actionable by our laws and may be taken up and put in the workhouse as vagabonds etc. in 4 Bl.Comm. 169.

PER CURIAM. The words "you are a harborer of thieves" is actionable. As to the words "you are a rogue," the law here is the same as in England, and only actionable as to whom and the manner in which it is applied.

Verdict for plaintiff, fifty cents damages.

### J. A. JACKSON'S LESSEE v. JOHN CANNON.

Court of Common Pleas. Sussex. November 28, 1800.

*Rodney's Notes.**

*Vining, Bayard* [for plaintiff]. *Ridgely, Wilson* [for defendant].

*Ridgely.* Lands adjudged to J.A.J. by Orphans' Court as assignee of the eldest sister of Constantine Hudson, December 8, 1785. John Cannon not named nor does he appear to be a party to those proceedings, and I say a person not a party cannot be affected by the adjudgment. March, 1790, deed from Cannon's to J.A.J. Consideration £90 for Gibraltar and Straits of Gibraltar. John Cannon and wife mentioned in deed but not signed by them, and John Cannon only claims title to those lands belong-

---

* This case is also reported in *Wilson's Red Book, 320.*

ing to this estate and which he had in possession and never divested himself of or declined accepting or receiving the lands. Constantine Hudson, the son, that had a right (and his issue) to accept as to possession. [——] [1] Cannon a witness says about 40 years since John Cannon who married Sally, one of the daughters of Constantine Hudson, tilled the land some time, then it was left vacant and fourteen or fifteen years ago he got or took possession again. Previous to 1783 neither plaintiff nor T. Lockerman were in possession. November 7, 1783, bond to J.A.J. from T. Lockerman to convey his right etc. but never conveyed. Therefore not title sufficient to recover in ejectment, and neither was ever in possession of John Cannon's land.

*Vining* for plaintiff. Plaintiff purchased of two of the heirs or daughters of Anna and Sophia. John Cannon only retained possessed of his part or share, amount of which after adjudgment was tendered to him. Plaintiff does not rely alone on the alienation bond alone for title but on the adjudgment of Orphans' Court.

· *Bayard.* Cannon, the defendant, is only entitled to one twenty-first part of the lands. Possession of tenants in common is joint. 1 Del.Laws 418, 419, 291. Lands to the eldest son, if no son to the eldest sister. The judgment of the Orphans' Court conclusive unless appeal be taken and it has been so ruled on solemn argument in the case of *Bail and McCullough* in New Castle.

*Wilson* in conclusion. Mistake as to what part the defendants are entitled to is 39.72 parts instead of one twenty-first parts, and that proportion we are in possession of, and for no more.

The Court kept the above case under advisement and at Dover agreed, and were of opinion against the demurrer, and that the plaintiff's title was sufficient for heir to recover in ejectment.

## NEGRO LONDON v. ANNANIAS HUDSON.

Court of Common Pleas. Georgetown. April, 1801.

*Rodney's Notes.*[*]

---

[1] Illegible in manuscript.

[*] This case is also reported in *Wilson's Red Book, 368.*